## Larkin v. Heilman Machine Company.

(Decided May 1, 1914.)

### Appeal from Muhlenberg Circuit Court.

Judgment—Of Court of Equity on Question of Fact—When Not Disturbed on Appeal.—Although on appeal from a judgment of the circuit court in an action of equitable cognizance a decision of the Chancellor on a question of fact, based upon conflicting evidence, will be given some weight by the Court of Appeals in reviewing the judgment, it will not be conclusive upon the latter court, which, in passing upon the question of fact, will be controlled by the weight of the evidence; and if, after examining the evidence, it is found by the Court of Appeals to be such as to leave the mind in doubt, the Chancellor's judgment will not be disturbed.    Evidence examined in this case and held sufficient to sustain the judgment.

DOYLE WILLIS for appellant.

NEWTON BELCHER, BELCHER & SPARKS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment whereby appellee recovered of appellant the following amounts: $78.75, with interest from January 1, 1913; $443.53, with interest from January 1, 1913; and $41.95, due on account, with interest from January 1, 1913.   Two of the amounts thus recovered, $78.75 and $443.53, were balances due upon certain notes executed by appellant to appellee in March and September, 1903, and secured by mortgage liens on certain machinery described in the mortgages,

respectively. The judgment enforced these liens and directed the sale of so much of the property embraced in each mortgage as might be found necessary to pay the debt it secured.

It appears from the averments of the petition that, beginning as far back as 1903, the appellant at different times purchased of appellee a saw mill, separator wheat thresher, steam traction engine and other machinery, for which he gave the various notes referred to, upon which divers payments were subsequently made; that for the purpose of adjusting a disagreement between them as to the amount of this indebtedness and a complaint of appellant as to the inefficiency of the engine he had purchased of appellee, appellant at appellee's request, February 16, 1909, went to its chief office and place of business in Evansville, Indiana, and on that date a settlement was made between them whereby, in consideration of appellee's furnishing, as it immediately did, certain necessary repairs for the engine it had sold appellant and a man to attach them, and of its releasing appellant from the payment of $330.00 of his indebtedness to it, the latter agreed and promised, by early and frequent payments, to discharge the remainder of his indebtedness to appellee; and that after then crediting on the several notes evidencing such indebtedness what had been previously paid thereon and subsequently crediting them with such payments as were made by appellant following the settlement, there was due on them at the time of the institution of the action the sums recovered by appellee first mentioned in the judgment and in addition the $41.95 last mentioned therein; the latter sum being due on account for repairs sold by appellee to appellant in 1912. The judgment fails to state the court's reason for allowing interest on the sums recovered by appellee from January 1, 1913, instead of from the date of the settlement made between appellant and appellee, February 16, 1909, but as this, though prejudicial to appellee, is not complained of by it, the error, if it be such, will not be considered.

The answer of appellant, which was made a counterclaim, denied the settlement of 1909, also denied any indebtedness to appellee on the part of appellant and alleged a breach of the warranty in the sale of the machinery to him by appellee, particularly as to the engine which, it was further alleged, had never done efficient work as appellee had warranted it would do. For the

breach of the warranty the prayer of the answer and counterclaim asked a judgment for damages against appellee in favor of appellant in an amount in excess of the debts sued for by the former.

In giving his testimony, appellant substantially admitted that the settlement of February 16, 1909, in so far as it ascertained and fixed his indebtedness to appellee, was made as claimed by the latter, and that appellee then surrendered and released him from the payment of $330.00 of his indebtedness to it; but it is his contention, and such was his testimony, that in this settlement appellee not only agreed to furnish certain repairs for the engine, but that it then guaranteed or warranted that the repaired engine would perform the work and serve every purpose for which appellant had purchased it; and that this engine, though repaired by appellee, did not thereafter perform its work according to the terms of the guaranty, by reason of which appellant was damaged in the manner and to the extent alleged in his answer and counterclaim. The testimony of appellant as to the alleged guaranty is uncorroborated by any other evidence in the case and is contradicted by the testimony of four witnesses who were present at the time the settlement was made, namely: William Weintz, appellee's president and treasurer, who made the settlement with appellant; Edward J. Weintz, his brother; M. C. Gibson and Miss C. J. Schulte, a stenographer in appellee's office. It is true that these persons were all in the service of appellee, but they substantially agree as to what occurred at the time of the settlement, and are contradicted by appellant alone. The account of what then occurred is thus stated in the deposition of William Weintz:

"As nearly as I can recall, he (appellant) owed us approximately $1,400.00 or $1,500.00 at that time. We agreed to credit his notes with all the interest accrued to that date and to accept $300.00 as payment of an account of $317.39 * * *. The accrued interest to that time was about $312.00; so, with the excess of the account which he did not pay, we gave him approximately $330.00 on that date. We were also at his request to furnish him a new and larger countershaft for his traction engine, he to send the gears and old shaft to us so the gears might be bored and fitted for the larger shaft. We were also to furnish him some new journal boxes for the countershaft, of a corner, bracket design and to send

our man to put these on. He was to pay the man's fare and care for him while there doing the work. All of this was agreed to and he expressed himself as most pleased and satisfied, and glad to get this matter finally and definitely settled. There was no warranty or guaranty whatever, because we in making this concession all understood this to be a final settlement and disposition of matters between us. On that day he paid us $300.00 on the account, thus closing that, we credited him with the excess, and he also paid $225.00, the balance of the principal of one of his $350.00 notes; and he also agreed and stated that he would pay the balance of his notes within a very short time, meaning sometime during the spring of 1909. As I said before, he left somewhat hurriedly, it being near train time, but with the very best of feeling and stating that he would not ask for anything more thereafter.''

In answer to the question, ''Did your company comply with the agreement, furnishing the parts of machinery that were to be furnished?'' the witness said: ''Yes, all and every.''

According to the further testimony of William Weintz appellant did not comply with his undertaking to make early payment of his indebtedness as ascertained in the settlement of February 16, 1909. He did, however, more than a year thereafter, namely, May 25, 1910, pay thereon in a carload of lumber $100.00, for which he received credit; but thereafter bought numerous repairs for machinery of appellee, for some of which he paid, but leaving unpaid on this account $41.95, this being the last amount for which appellee obtained judgment against him. It also appears from the testimony of William Weintz that of the several sums for which appellee obtained judgment against him, the two first were balances on his notes of long standing and the third amount was, as previously stated, the balance of their account against him.

In addition to the corroboration of the testimony of William Weintz furnished by the three persons present at the settlement it is also corroborated by the circumstances attending the various transactions between appellant and appellee. The latter had indulged him upon his indebtedness to it from the latter part of 1903 down to the time of the settlement. He had made payments as it suited his convenience and often failed to comply with requests of payment made of him by appel-

lee; and even after the liberal settlement in which it released him from the payment of $330.00 of his indebtedness he was still indulged thereon more than three years, as suit was not brought against him by appellee until December 23, 1912. Moreover, there are two letters appearing in the record written by appellant to appellee, the first of date October 29, 1909, and the last of date May 16, 1910, in each of which he promised to pay his indebtedness to appellee, explained why he had not done so, made requests for repairs for machinery having no connection with the engine, and in neither of these letters did he make any complaint of the failure of the engine to properly do its work or claim that appellee had made any guaranty as to the engine when the settlement was made or at any other time.

Opposed to all this evidence is the testimony of appellant alone, and while he testified in positive terms that there was a guaranty by appellee of the engine at the time of the settlement of February 16, 1909, his statements are utterly at variance with all the circumstances usually connected with and surrounding such transactions as he had with appellee and inconsistent with what would have reasonably been expected from the business relations existing between them. The engine in question was purchased by appellant in 1903, and it is beyond belief that, following six years' use of it by appellant, appellee should have given a guaranty that it would after that time properly perform its work. It is doubtless true, as claimed by appellant and testified by him and other witnesses, that there were times after the settlement of February 16, 1909, when it was out of repair and would not perform its work as desired by him, but no complaint of it was made by him to appellee for more than a year and it was to be expected from its age and the wear and tear resulting from its long use, that even with frequent repairing, it would fall short of doing the work of a first-class engine.

The evidence leaves no doubt of the correctness of the several amounts recovered by appellee; and as the conclusion of the circuit court that appellant was entitled to no part of the damages claimed by him is sustained by the weight of the evidence, the judgment is affirmed.